## 14548. DAVIS *v.* THE STATE.

A conviction of cheating and swindling was not authorized by the evidence.
> DECIDED JUNE 12, 1923.

Accusation of cheating and swindling; from city court of Zebulon — Judge Dupree. April 3, 1923.

Curtis, the prosecutor, testified: " On or about September 20, 1920, this defendant, Will Davis, came to my store at Neal and told me that Mr. Willingham told him to come there and get a Ford tire and inner tube, and that J. T. Willingham would pay for it. I let him have a Ford tire for $16 and an inner tube for $3,

24

making $19. He came back afterwards and said that the inner tube was not good, and I gave him another for it. About a year afterward I called on Mr. Willingham to pay this debt and he would not do it, saying that he did not authorize the defendant to buy the goods. I have made a demand on J. T. Willingham and he refused to pay the same. I have made no demand on the defendant. I had known the defendant for about a year. I knew he was living on Willingham's farm. He always paid me money for what he bought."

J. T. Willingham testified: "I did not authorize Will Davis to buy the Ford tire and inner tube from Mr. Curtis for my car in question belongs to me. I got the use of the Ford tire and I ran it for over a year, and I am running it now. The Ford car in question belongs to me. I got the use of the Ford tire and inner tube. The defendant had no Ford car. I did not authorize him, though, to buy the goods. I did not tell him I would pay for one half the tire and he could pay for the other but I am using the tire. This was in 1920. The defendant worked for me on the farm. He made four bales of cotton and several bushels of corn and potatoes. I got all the cotton and several bushels of corn and potatoes. I got all the cotton and all the corn he made, and I gave him the potatoes. The boll weevil hurt us some that year, ate up the cotton, and the defendant made nothing. He had his house burned up and everything in it, and people had to make up money for him to go away on. I let him have the car to go to the camp-meeting."

The defendant, in his statement at the trial, said that Mr. Willingham told him to go to Mr. Curtis's store and get a tire and inner tube for the car and he (Willingham) would pay half of it; and he (defendant) told Mr. Curtis this, and that he would pay half, and Mr. Curtis let him have the tire and inner tube; he took them home and put them on Mr. Willingham's car and went to camp-meeting. Mr. Willingham " has been using the tire and inner tube ever since. I did not get the use of it. I simply owe him for one half the tire and inner tube. I would have paid him for it if I had had the money."

*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.
*R. C. Johnson Jr., solicitor,* contra.

LUKE, J. The defendant was convicted of the offense of cheating and swindling. From a careful examination of the evidence in this case, we cannot say that the verdict of guilty was authorized. It was error to overrule the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*